In re Carolyn L. WARD, Debtor.

Bankruptcy No. 86–00672(2).

Motion 01.

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 15, 1986.

Gerald A. Rimmel, Clayton, Mo., for debtor.

Fortis M. Lawder, St. Louis, Mo., Michael A. Lawder, Belleville, Ill., for creditor.

John V. LaBarge, Jr., Kirkwood, Mo., trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On March 21, 1986, Carolyn L. Ward filed her voluntary Chapter 7 petition. On July 31, 1986, South Side National Bank ("Bank") filed its Motion For Relief From Automatic Stay. The Bank requested the stay be modified so that it could foreclose its security interests in certain real estate jointly owned by Debtor and her husband ("the real estate") and in twelve shares of capital stock of the Bank of Lincoln County in Elsberry, Missouri ("the stock"). Although Debtor and her trustee in bankruptcy contested the Bank's motion, on September 3, 1986, the Court granted the Bank's request as to the real estate. The Court, however, ordered the parties to file a stipulation and briefs on issues concerning the stock. Upon review of the stipulation and briefs of the parties and for the reasons set forth below, the Court will this date grant the Bank's request as to the stock and permit it to foreclose its security interest therein.

### FACTS

On August 12, 1983, Debtor and her husband, T. Denver Ward, guaranteed payment to the Bank of any and all loans past or future, made by the Bank to Denver Ward Chevrolet, Inc. Printed on the Guaranty Agreement is the following:

"As collateral security for the payment of the indebtedness guaranteed and any renewal or extension thereof, and for the payment of any other liabilities, present or future, absolute or contingent, direct or indirect, of the undersigned to the Bank, the undersigned hereby assigns, pledges and delivers to said Bank any notes, bonds, debentures, shares of stock, certificates of deposit, warehouse receipts, bills of lading, tax bills, mortgages, deeds of trust, accounts receivable, conditional sales contracts, savings accounts, jewelry, or other property which said Bank may now or hereafter have in its possession."

Typed below that printing is the language "this guarantee secured by ... various stock."

Also on August 12, 1983, Debtor executed an Hypothecation Agreement in favor of the Bank which authorized

"Denver Ward Chevrolet, Inc. (herein called Debtor) to hypothecate, pledge and/or deliver the securities described below belonging to the undersigned, and the undersigned agrees that when so hypothecated, pledged and/or delivered

said securities shall be collateral to secure any present or future indebtedness, obligation or liability howsoever evidenced, owing by Debtor to you, or any extension or renewal thereof, hereby consenting to the extension or renewal from time to time of any such indebtedness, obligation or liability, and waiving any notice of any such indebtedness, obligation, liability, extension or renewal."

In the space provided for "the securities described below" the following was typed: 12 shares of Bank of Lincoln County Capital stock ($1,000.00 each) Cert. # 306.

Debtor delivered or authorized the delivery of the stock to the Bank and the Bank continues to have possession of the stock. As of March 21, 1986, Denver Ward Chevrolet, Inc. was indebted to the Bank in the amount of $367,812.85. As of July 31, 1986, Denver Ward Chevrolet, Inc. remained indebted to the Bank in the amount of $345,183.33. The stock was scheduled by Debtor as having a value of $3,000.00 per share or $36,000.00. If the Bank has a valid security interest in the stock by reason of the Guaranty Agreement and Hypothecation Agreement, the Debtor's estate obviously has no equity in the stock and the stay should be modified to permit the Bank to foreclose its interest in the stock.

JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(G), and (K)), which the Court may hear and determine.

DISCUSSION

■ Under Section 400.9–301(1)(b), and (3), R.S.Mo., an unperfected security interest is subordinate to the rights of a debtor's trustee in bankruptcy. In the case at bar, Debtor and her trustee argue that the trustee's rights to the stock are superior to the Bank's because the Bank never perfected its security interest in the stock. The Bank never perfected its security interest in the stock, they argue, because the Bank

and Debtor never agreed that a security interest attach to the stock. Although a security interest cannot be perfected until it has attached, Section 400.9–303(1), R.S. Mo., and although a security interest cannot attach until there is an *agreement* that it attach, Section 400.9–204(1), R.S.Mo., the Court finds that Debtor and the Bank did agree that the Bank would have a security interest in the stock.

Debtor and her trustee argue that the Hypothecation Agreement did not expressly pledge the stock, but only authorized Denver Ward Chevrolet, Inc. to pledge the stock to the Bank. The Bank's possession of the stock, they further argue, does not prove that its possession was pursuant to an agreement that the Bank have a security interest in the stock. The Court is not persuaded by their argument.

■ As defined by Section 400.1–201(3), R.S.Mo., of the Uniform Commercial Code, " 'Agreement' means the bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance as provided in this chapter ..." The language of the Guaranty Agreement signed by the Debtor explicitly pledges to the Bank *any* shares of stock which the Bank "may now or hereafter have in its possession" as security for "the payment of the indebtedness guaranteed." The Hypothecation Agreement signed by the Debtor not only explicitly refers to the twelve shares of stock in the Bank of Lincoln County, but also provides that upon delivery "said securities shall be collateral to secure any present or future indebtedness, obligation or liability howsoever evidenced" owed by Denver Ward Chevrolet, Inc. to the Bank. The language of these two agreements together with the Bank's possession of the stock compels the conclusion that Debtor and the Bank did agree that the Bank have a security interest in the stock. The lack of any other credible explanation for the Bank's having possession of the stock further supports this conclusion and undermines the trustee's claim to the stock.

In sum, the Court concludes that the Bank has a valid security interest in the stock. There being no other reason why the stay should not be modified to permit the Bank to foreclose its security interest in the stock, an Order to that effect will be issued this date.